UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN,<br><br>　　　　　　　　　　　Plaintiff,<br>　v.<br>ELY STATE PRISON STATE OF NEVADA,<br><br>　　　　　　　　　　　Defendant. | Case No. 3:23-cv-00464-ART-CLB<br><br>ORDER |

Plaintiff Tyrone Noel Nunn attempted to initiate a civil action but did not file an application to proceed *in forma pauperis* or pay the full filing fee for a civil action and did not submit a complaint. (ECF Nos. 1, 1-1). On September 25, 2023, this Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee and submit a complaint on or before November 21, 2023. (ECF No. 3). The Court warned Plaintiff that the action could be dismissed if he failed to comply with that deadline. (*Id.* at 3). That deadline expired and Plaintiff did not file a fully complete application to proceed *in forma pauperis,* pay the full $402 filing fee, submit a complaint, or otherwise respond.

**I.　DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service,* 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

1  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
2  favoring disposition of cases on their merits; and (5) the availability of less drastic
3  alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,
4  1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th
5  Cir. 1987)).

6      The first two factors, the public's interest in expeditiously resolving this
7  litigation and the Court's interest in managing its docket, weigh in favor of
8  dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants,
9  also weighs in favor of dismissal because a presumption of injury arises from the
10 occurrence of unreasonable delay in filing a pleading ordered by the court or
11 prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
12 1976). The fourth factor—the public policy favoring disposition of cases on their
13 merits—is greatly outweighed by the factors favoring dismissal.

14     The fifth factor requires the Court to consider whether less drastic
15 alternatives can be used to correct the party's failure that brought about the
16 Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
17 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
18 the party has disobeyed a court order does not satisfy this factor); *accord*
19 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that
20 "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted
21 pursuit of less drastic alternatives prior to disobedience of the court's order as
22 satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled
23 with the warning of dismissal for failure to comply[,]" have been "eroded" by
24 *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally
25 dismissing a case, but must explore possible and meaningful alternatives."
26 *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action
27 cannot realistically proceed until and unless Plaintiff either files a fully complete
28 application to proceed *in forma pauperis* or pays the $402 filing fee for a civil

action and submits a complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's order.  Setting a second deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**II.    CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee and submit a complaint in compliance with this Court's September 25, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 4th day of December 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE